**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**TERRE HAUTE DIVISION**

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION
2013 DEC 23 PM 12:35
SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | | |
|---|---|---|
| HENRY C. WEDEMEYER, and MARTHA L. WEDEMEYER | ) | Case No. |
| Plaintiffs, | ) | Removed from the Putnam Superior Court, Putnam County, Indiana Case No. 67D01-1311-PL-19 |
| v. | ) | |
| CSX TRANSPORTATION, INC. | ) | **2:13-cv-0440 LJM -MJD** |
| Defendant. | ) | |

**NOTICE OF REMOVAL**

Defendant CSX Transportation, Inc. ("CSXT"), pursuant to 28 U.S.C. §§ 1441 and 1446, hereby serves notice of its removal of this action from the Putnam Superior Court, Putnam County, Indiana, to this Court. For its Notice of Removal, CSXT respectfully shows the Court:

1. Plaintiffs Henry C. Wedemeyer and Martha L. Wedemeyer (collectively, the "Wedemeyers"), filed this lawsuit, designated as *Henry C. Wedemeyer & Martha L. Wedemeyer v. CSX Transportation Inc.*, Case No. 67D01-1311-PL-19 (the "Lawsuit"), in the Putnam Superior Court, Putnam County, Indiana, on November 22, 2013.

2. The Lawsuit is a civil action under Indiana law seeking to quiet title to certain property, a permanent injunction, and damages.

3. Removal of this action is proper under 28 U.S.C. § 1441(a) because a district court of the United States would have had original jurisdiction of the action on the basis of diversity of citizenship, 28 U.S.C. § 1332, had the action originally been brought in federal court.

4. The Wedemeyers are residents of Putnam County, Indiana and are citizens of the State of Indiana. *See* Complaint to Quiet Title and for Trespass and Ejectment and Permanent Injunction, attached hereto as part of Exhibit A, at ¶1.

5. CSXT is incorporated in the Commonwealth of Virginia and its principal place of business is in Jacksonville, Florida. Pursuant to 28 U.S.C. § 1332(c), CSXT is a citizen of Virginia, a citizen of Florida, and a citizen of no other state.

6. Because CSXT does not share a state of citizenship with any Plaintiff, there is complete diversity among the parties.

7. In the Complaint, Plaintiffs seek monetary damages relating to CSXT's use of the property from 2003 to present. Plaintiffs peg the estimated rental value of the property at $15,000 per year. Exhibit A at Complaint ¶ 8 & wherefore clause. The damage sought by Plaintiffs for ten years of use of the property thus exceeds $75,000, exclusive of costs and interest. *See id.* Plaintiffs also place the value of Plaintiffs' property at $300,000. Exhibit A at Complaint ¶ 7. Accordingly, the amount in controversy required for removal under diversity jurisdiction is satisfied on the face of the Complaint. 28 U.S.C. § 1446(c)(2).

8. The amount in controversy required for removal under diversity jurisdiction also is satisfied because Plaintiffs proposed to settle the claims in the lawsuit for the sum of $300,000, as set forth in the affidavit of Richard M. Hood which is attached hereto as Exhibit B. *See Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815-17 (7th Cir. 2006) (holding that the amount in controversy requirement can be met with reference to settlement demands).

9. Because there is complete diversity among the parties and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), and this Lawsuit is properly removed pursuant to 28 U.S.C. § 1441.

10. This Lawsuit is properly removed to this Court pursuant to 28 U.S.C. § 1441(a), because it is the judicial district and division in which the Lawsuit is pending.

11. CSXT received the Summons and Plaintiffs' Complaint on November 25, 2013; this Notice is filed within 30 days of that date, in accordance with 28 U.S.C. § 1446(b).

12. This Notice will be promptly filed with the state court and served upon opposing counsel in accordance with 28 U.S.C. § 1446(d).

13. Copies of all pleadings, orders, and process filed thus far in this Lawsuit are attached to this Notice as Exhibit A, as set forth in 28 U.S.C. § 1446(a).

14. By filing this Notice of Removal, CSXT expressly reserves and does not waive any rights, remedies, or defenses that may be available to it in this Court or in the State Court Action.

WHEREFORE, Defendant CSX Transportation, Inc. hereby removes this action from the Putnam Superior Court, Putnam County, Indiana, to this United States District Court.

Dated: December 23, 2013

Respectfully submitted,

Robert D. MacGill (#9989-49)
Matthew B. Barr (#26252-53)
Alexander P. Orlowski (#30794-29)
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, Indiana 46204
Telephone: (317) 236-1313
Facsimile: (317) 231-7433
Robert.MacGill@btlaw.com
Matthew.Barr@btlaw.com
Alexander.Orlowski@btlaw.com

*Counsel for Defendant*
*CSX Transportation, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of December 2013, the foregoing document was served by First Class U.S. Mail, postage prepaid and properly addressed to the following:

James E. Ayers
Wernle, Ristine & Ayers
309 Dubois Avenue
Post Office Box 874
Crawfordsville, IN 47933
Email: Not Functioning – Cannot Send/Receive